# United States District Court
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| ADRIAN JUAREZ and WILLIAM PHILLIPS | § § § | |
| v. | § § | CIVIL ACTION NO. 3:24-CV-0572-S |
| GERDAU AMERISTEEL US, INC. and GERDAU MACSTEEL, INC. | § § § § | |

**FINAL ORDER**
**GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF**
**COLLECTIVE ACTION SETTLEMENT AND NOTICE OF COLLECTIVE ACTION**
**SETTLEMENT**

The above-titled matter came before this Court upon Plaintiffs' Unopposed Motion for Approval of Collective Action Settlement and Notice of Collective Action Settlement ("Motion"). Based upon the memoranda, appendix, exhibits, and all the files and proceedings herein, the Court finds as follows:

1. The Court **GRANTS** approval of the Parties' Settlement Agreement ("Settlement") on the terms set forth in the Settlement filed with the Motion and attached as **Exhibit 1** to the Declaration of Craig J. Ackermann in support of the Motion (attached as Exhibit A to Plaintiffs' Appendix in Support of the Motion)[1]. *See* ECF No. 20.

2. The terms set forth in the Settlement appear to be fair, reasonable, and adequate to the Potential Ameristeel EPA Collective Action Members and the Potential Macsteel EPA Collective Action Members, and the Court approves the terms of the Settlement, including terms providing for a Gross Settlement Amount that is presently unknown prior to the Notice process, but will consist of:

---

[1] Unless otherwise defined in this Order, capitalized terms have the same meaning as defined in the Settlement.

a.    $6,000 Individual Settlement Payments to Participating Ameristeel EPA Opt-In Members who fathered a baby born during the Ameristeel EPA Covered Period between April 21, 2020, through July 1, 2022, and did not take parental leave pursuant to the parental leave policy implemented on January 1, 2023, plus the employer-side payroll taxes associated with the W-2 portion of each such Individual Settlement Payment;

b.    $6,000 Individual Settlement Payments to Participating Macsteel EPA Opt-In Members who fathered a baby born during the Macsteel EPA Covered Period between August 30, 2019, through December 31, 2022, plus the employer-side payroll taxes associated with the W-2 portion of each such Individual Settlement Payment;

c.    $3,000 Individual Settlement Payments to Participating Ameristeel EPA Opt-In Members who fathered a baby born during the Ameristeel EPA Covered Period between July 2, 2022, through December 31, 2022, and did not take parental leave pursuant to the parental leave policy implemented on January 1, 2023, plus the employer-side payroll taxes associated with the W-2 portion of each such Individual Settlement Payment;

d.    $1,000 Individual Settlement Payments to Participating Ameristeel EPA Opt-In Members who fathered a baby born during the Ameristeel EPA Covered Period, and who took parental leave pursuant to the parental leave policy implemented on January 1, 2023, plus the employer-side payroll taxes associated with the W-2 portion of each such Individual Settlement Payment;

2

e.     Attorneys' fees equaling one third (1/3) of each Participating Ameristeel EPA Opt-In Members' Individual Settlement Payment and each Participating Macsteel EPA Opt-In Members' Individual Settlement Payment on top of and in addition to the Individual Settlement Payment (i.e., $2,000 per Individual Settlement Payment of $6,000; $1,000 per Individual Settlement Payment of $3,000; and $333.33 per Individual Settlement Payment of $1,000);

f.     Up to $15,000 for Plaintiffs' counsel's out-of-pocket litigation costs on top of and in addition to the Individual Settlement Payments (Plaintiffs will provide appropriate documentation of their out-of-pocket expenses to Defendant, as described below);

g.     $10,000 each ($20,000 total) to the named Plaintiffs as consideration for their global general release of liability and waiver of claims on top of an in addition to the Individual Settlement Payments (the "General Release Payments"); and

h.     All actual claims administration costs on top of and in addition to the Individual Settlement Payments.

3.     The Court **GRANTS** the Parties' request for certification of the following collectives for settlement purposes only:

a)     All males who fathered a baby through natural birth (i.e., not adoption or placement through foster care) at any time during the Ameristeel EPA Covered Period (from April 21, 2020 through December 31, 2022) while they were employed by Gerdau Ameristeel US, Inc. in a non-union position

3

in the United States (collectively, the "Potential Ameristeel EPA Collective Action Members"); and

    b) All males who had a baby through natural birth (i.e., not adoption or placement through foster care) at any time between August 30, 2019 through December 31, 2022 while they were employed by Gerdau Macsteel, Inc. in a non-union position and did not receive notice in the *Johnson*[2] action (collectively, the "Potential Macsteel EPA Collective Action Members").

    4.    The Court approves Plaintiffs' counsel, Craig Ackermann and Brian W. Denlinger of Ackermann & Tilajef, P.C., Matthew Clark of Gregory, Moore, Brooks & Clark, P.C., and Cheryl Legare of Legare, Attwood & Wolfe, LLC, as collective counsel.

    5.    This Court approves, as to form and content, the two Notices of Collective Action Settlement ("Notices") and the two proposed Opt-In Forms—as applicable to the Potential Ameristeel EPA Collective Action Members and Potential Macsteel EPA Collective Action Members—in substantially the form(s) attached to the Settlement as **Exhibits A-D**. The Court approves the procedure for Potential Ameristeel EPA Collective Action Members and Potential Macsteel EPA Collective Action Members to opt into the Settlement as set forth in the Settlement and the Notice.

    6.    The Court confirms CPT Group, Inc. as the Claims Administrator.

    7.    The Court directs the mailing of the Notice, as well as the two separate reminder postcards, by first class mail to all males who were employed by Ameristeel in a non-union position during the Ameristeel EPA Covered Period, as well as the Potential Macsteel EPA

---

[2] *Johnson v. Gerdau Macsteel, Inc.*, Case No. 23-CV-10719-BAF-CI, Order Granting Plaintiffs' Unopposed Motions for Final Approval of Class Action Settlement, ECF No. 15 (E.D. Mich. Feb. 29, 2024).

Collective Action Members, in accordance with the schedule set forth below. The Court finds the

dates selected for the mailing and distribution of the Notice, as set forth below, meet the

requirements of due process and provide the best notice practicable under the circumstances, and

shall constitute due and sufficient notice to all persons entitled thereto.

8.      The Court adopts the following dates and deadlines:

| TIME | EVENT |
|---|---|
| Within 15 calendar days after the Effective Date:[3] | Defendant to provide class data to the Claims Administrator. (Settlement, ¶ 45) |
| Within 30 calendar days after the Effective Date: | Claims Administrator to mail Notice and Opt-In Form to all males who were employed by Ameristeel in a non-union position during the Ameristeel EPA Covered Period (Settlement, Exs. A-B), as well as the Potential Macsteel EPA Collective Action Members (Settlement, Exs. C-D), (Settlement, ¶ 46). |
| Twenty calendar days after the initial mailing of the Notice and Opt-In Form: | Claims Administrator to mail the first postcard reminder to all males who were employed by Ameristeel in a non-union position during the Ameristeel EPA Covered Period, as well as to the Potential Macsteel EPA Collective Action Members (Settlement, ¶ 46). |
| Forty calendar days after the initial mailing of the Notice and Opt-In Form: | Claims Administrator to mail the second postcard reminder to all males who were employed by Ameristeel in a non-union position during the Ameristeel EPA Covered Period, as well as to the Potential Macsteel EPA Collective Action Members (Settlement, ¶ 46). |
| 60 calendar days after Notice and Opt-In Form mailing date (the "Opt-In Deadline"): | Deadline for Potential Ameristeel EPA Collective Action Members and Potential Macsteel EPA Collective Action Members to submit an Opt-In Form with Proof of Paternity. (Settlement, ¶¶ 13, 53) |

---

[3] The "Effective Date" is defined in paragraph 6 of the Settlement.

| | |
|---|---|
| No later than 7 calendar days after the Opt-In Deadline: | The Claims Administrator will compile and deliver to Plaintiffs' Counsel and Defendant's Counsel a Report ("Final Notice Report") with summary information regarding (a) the total number of Participating Ameristeel EPA Opt-In Members and Participating Macsteel EPA Opt-In Members, and the total amount of final Individual Settlement Payments of each; and (b) the number of invalid Opt-In Forms and/or Proof of Paternity. (Settlement, ¶ 45). |
| Within 15 calendar days after the Opt-In Deadline: | The Claims Administrator shall provide Plaintiffs' Counsel and Defendant's Counsel with a Declaration of Due Diligence and Proof of Mailing with regard to the mailing of the Notice and its attempts to locate Potential EPA Collective Action Members. The Declaration shall specify the number of individuals to whom Notices were sent and the number of individuals to whom Notices were not delivered, as well as information relating to the number of valid Opt-Ins and associated Individual Settlement Payment amounts. Upon request of the Court, Plaintiffs' Counsel shall file this Declaration with the Court. (Settlement, ¶ 49). |
| Within 15 calendar days after the Opt-In Deadline: | Plaintiffs shall provide Defendant with appropriate documentation of their out-of-pocket litigation costs and expenses. |
| Within 15 calendar days after the Parties receipt of the Final Notice Report from the Claims Administrator: | Defendant shall fund the settlement by paying into the QSF the Gross Settlement Amount. (Settlement, ¶ 44). |

| | |
|---|---|
| Within 30 calendar days after the Defendant funds the settlement by paying into the QSF the Gross Settlement Amount: | The Claims Administrator shall mail the Individual Settlement Payments to Participating Ameristeel EPA Opt-In Members and Participating Macsteel EPA Opt-In Members; pay the appropriate taxes to the appropriate taxing authorities; make payment of Court-approved attorneys' fees and costs to Plaintiffs' Counsel; and make payment of the Plaintiffs' Court-approved General Release Payments (the "Settlement Payment Date"). (Settlement, ¶ 44). |
| Within 60 calendar days after the Settlement Payment Date: | The Claims Administrator will submit to Plaintiffs' Counsel proof of all Individual Settlement Payments made, and will serve all counsel with a copy of the same. (Settlement, ¶ 58). |

This is a **FINAL ORDER**.

**SO ORDERED.**

SIGNED May 3, 2024.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

7